Filed 12/13/22  P. v. Quiroz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ALBERTO MORALES QUIROZ,<br><br>        Defendant and Appellant. | C096385<br><br>(Super. Ct. No. 21FE007895) |

Appointed counsel for defendant, Alberto Morales Quiroz, asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

Defendant went to Matthew C.'s home and asked to speak with Jonathan R.  Defendant and Jonathan argued.  As they argued, Matthew came outside and stood beside

1

Jonathan. Defendant pointed a loaded nine-millimeter semiautomatic handgun with a high capacity magazine in their direction and said to Jonathan, "you knew this was coming." At the time, defendant was prohibited from possessing a firearm due to a prior felony conviction.

Defendant was charged by information with two counts of assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b) – counts one and three – statutory section citations that follow are found in the Penal Code unless otherwise stated); criminal threats (§ 422 – count two); two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1) – counts four and five); and possession of ammunition by a felon (§ 30305, subd. (a)(1) – count six). The complaint further alleged as to the assault with a firearm counts that defendant had used a semiautomatic firearm (§ 12022.5, subds. (a) & (d)); and as to the criminal threats count that defendant used a semiautomatic firearm with a high capacity magazine (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)), making the offense a serious and violent felony (§§ 1192.7, subd. (c)(8), 667.5, subd. (c)(8)).

Defendant made a section 995 motion to dismiss four of the counts based on insufficient evidence. The trial court denied defendant's motion.

Defendant pleaded no contest to all the charges and admitted the enhancement allegations in exchange for an indicated maximum sentence of 14 years. Defense counsel stipulated there was a factual basis for the plea. The trial court sentenced defendant to an aggregate term of 13 years. The trial court also awarded defendant 452 days of presentence custody credits and ordered him to pay various fines and fees.

### DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right

2

to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

                                   _____
                                   HULL, Acting P. J.

We concur:

_____
MAURO, J.

_____
HOCH, J.